(No. 988—Claimant awarded $3,883.00.)

DORA GIRHARD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

WORKMEN'S COMPENSATION ACT—*award may be made under.* Where an employee of the State is killed while in the performance of his duty, an award may be made and the basis of compensation fixed by the provisions of the Workmen's Compensation Act.

KASSERMAN AND KASSERMAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

MR. JUSTICE CLARITY delivered the opinion of the court:

The facts as appearing in this case are not disputed. It appears that Paul W. Girhard was an employe of the automobile department of the Secretary of State's office as an Automobile Investigator at a salary of $150.00 per month and expenses. He was furnished a motorcycle with side car in which to travel and was ordered to do duty in different parts of the State. On Oct. 25, 1925, under orders from the Secretary of State's office, he proceeded on his motorcycle to Fairmont a racing track near Collinsville, Illinois, to assist in taking care of the traffic there, and while returning from such employment on Oct. 31, 1925, to his home in Newton, Illinois, over Route 11, and when just east of Vandalia near an inter-

section he met an automobile approaching with its bright lights on, while at the same time there was a horse and buggy in front of them. Presumably the lights from the approaching car blinded him causing his motorcycle to strike the wheels of the buggy upsetting his motorcycle and throwing him to the pavement, his head striking the concrete causing a fracture of the skull and concussion of the brain which caused his death on Nov. 6, 1925.

The Attorney General comes and files statement, brief and argument in which the facts are admitted in so far as the deceased was a State employe and was engaged in a line of duty as such employe at the time of his death by said accident. The Secretary of State forwarded a letter to the Attorney General's office in which he recommended and urged that this case be settled on the basis of the Workmen's Compensation Act.

The Attorney General also suggests that under the Workmen's Compensation Act in this case said claimant should receive $3,750.00, plus the necessary medical, surgical, hospitalization and nursing services which appear to amount to $133.00 in this case.

It is therefore considered by the court that the claimant be allowed the sum of $3,883.00.